LAW OFFICES OF ROBERT C. MOEST
Robert C. Moest, SBN 62166
2530 Wilshire Boulevard, Second Floor
Santa Monica, California 90403
(310) 915-6628 (voice)
(310) 915-9897 (fax)

Attorneys for Plaintiff
Thomas Morgan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MORGAN, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF HUNTINGTON BEACH, a California Municipal Corporation, <br><br> Defendant. | ) Case No. <br> ) <br> ) COMPLAINT FOR <br> ) DECLARATORY AND <br> ) INJUNCTIVE RELIEF AND <br> ) DAMAGES <br> ) <br> ) DEMAND FOR JURY TRIAL <br> ) <br> ) <br> ) |

INTRODUCTION

1. This is an action for declaratory and injunctive relief and damages brought on behalf of Thomas Morgan, an individual who desires to operate a tattoo business in the City of Huntington Beach, California.  Plaintiff seeks a declaration that certain sections of the Huntington Beach Municipal Code severely restricting tattoo businesses violate the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and Article 1, Section 2 of the California Constitution.  Plaintiff also seeks injunctive relief to prevent the City of Huntington Beach from enforcing its anti-tattooing ordinance during the pendency of this action.  Finally, plaintiff seeks damages for the fact that he has been deprived of his constitutional rights and suffered monetary losses by virtue of the

1
COMPLAINT & DEMAND FOR JURY TRIAL

denial of his right to operate his constitutionally protected business.

2.  While the degree of constitutional protection afforded tattooing was once in doubt, that uncertainty was laid to rest by the decision of the Ninth Circuit in *Anderson v. City of Hermosa Beach*, 621 F.3d 1051 (9th Cir. 2010).  In a case of first impression for the federal circuit courts, the Ninth Circuit in Anderson ruled that, "The tattoo *itself*, the *process* of tattooing, and even the *business* of tattooing are not expressive conduct but purely expressive activity fully protected by the First Amendment."  *Id*. at 1060  (emphasis in original).

3. Before filing this suit, plaintiff requested permission to open a tattoo studio at 10940 Beach Boulevard, Huntington Beach, California 92648. He was told that he could open a shop only if he first applied for a conditional use permit. Counsel wrote to the City requesting that the provisions of the ordinance be waived.

4. Counsel was told that the City would agree to waive the conditional use permit requirement. Initially, counsel was told that the shop would be allowed because the address selected is in a commercial zone. Subsequently, however, counsel was informed that the address was in the Beach and Edinger specific plan area. Under the Huntington Beach zoning ordinance, only uses specifically named would be permitted in a specific plan district, and tattooing was not listed as a permitted use for the Beach and Edinger specific plan area. Counsel was told that there was no provision allowing similar (but not specifically named) uses to be in the specific plan area, and that an amendment to the specific plan would be required before tattooing would be permitted at the address.

PARTIES

5. Plaintiff Thomas Morgan is an individual resident of the County of Los Angeles, State of California. He desires to operate a high-quality tattoo shop in Huntington Beach featuring custom tattoo designs by himself and other tattoo artists that he will identify, recruit and employ in the creation of tattoo art. Mr.

2

COMPLAINT & DEMAND FOR JURY TRIAL

Morgan has 27 years experience as a tattoo artist. He is originally from Huntington Beach, and his family still resides there. He wishes to establish a business there to be close to his mother. He has previously operated tattoo studios in Portland, Oregon, and worked for five years in Amsterdam. In 2007 to 2010, he was featured on a television program about tattooing, "Tattoo Highway," which aired on the A&E channel.

6. The City of Huntington Beach is a California municipal corporation organized in accordance with the laws of California and the Huntington Beach Municipal Code.  The actions of the City of Huntington Beach in promulgating and enforcing its ordinances restricting the right to engage in tattooing are done under color of state law within the meaning of 42 U.S.C. § 1983 and the Fourteenth Amendment.

JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 (federal question) and under 28 U.S.C.§1343 (civil rights).

8. Venue lies in this judicial district under 28 U.S.C. §1391 because the defendant City of Huntington Beach is located Orange County, in the Central District of California.

FACTS

9. Huntington Beach allows tattoo shops, but only if a CUP is obtained. Huntington Beach Municipal Code § 211.04. A CUP may be granted in the discretion of the zoning administrator if they find that the criteria of § 241.10(A) have been met. Among other criteria, the code requires that, "The establishment, maintenance and operation of the use will not be detrimental to the general welfare of persons working or residing in the vicinity nor detrimental to the value of the property and improvements in the neighborhood." This broad, discretionary authority has been uniformly found invalid when applied to uses protected by the First Amendment.

COMPLAINT & DEMAND FOR JURY TRIAL

10. Huntington Beach has strict health requirements for tattoo businesses, set forth in Chapter 8.72 of the municipal code. Mr. Morgan is fully prepared to comply with those provisions, which closely resemble those that apply in other cities or under applicable county health codes. Under the First Amendment, he may not be subjected to a conditional use permit requirement like that in Huntington Beach.

11. The exclusion of tattoo businesses from the Beach/Edinger specific plan district also runs afoul of the First Amendment.  A limitation on protected speech will be upheld only if  (1) it is content neutral; (2) it is narrowly tailored to serve a significant governmental interest; and (3) it leaves open ample alternative channels of communication. Huntington Beach bears the burden of justification for its restrictive ordinance. If the city to demonstrate that the ordinance satisfies any one of these three prongs, it is unconstitutional.

12. The Beach/Edinger specific plan was adopted in 2010, before *Anderson*, and amended in 2015. The specific plan covers substantial portions of the commercial district of the city, including much of the commercial property along Beach Boulevard. Neither the original plan nor the amendment mention tattooing at all, and no reasons are given from the exclusion of tattooing from the Specific Plan area.

13. The Huntington Beach Municipal Code makes violation of any provision of the code a misdemeanor, punishable by up to six months in jail and a fine of $1000.  If plaintiff were to operate a tattoo shop in Huntington Beach under the current provisions of law, each day's operation would be a separate misdemeanor.  Plaintiff faces the likelihood not only of misdemeanor prosecution (either for a single violation or for multiple violations), but also civil code enforcement actions.

14. Plaintiff has located an appropriate site for a tattoo studio, located at 10940 Beach Boulevard, Huntington Beach, California 92648. Beach is a major

4

COMPLAINT & DEMAND FOR JURY TRIAL

commercial corridor, with considerable automobile and truck traffic. The area where plaintiff wished to locate is in the CG general commercial zone, in a small, one-story  strip mall. Tenants at that location now include a barber shop, florist, pizzeria, liquor store. Uses allowed in the CG zone without a conditional use permit include personal services, eating and drinking establishments, retail sales, and other uses at least as intrusive as a tattoo shop. However, because the location Mr. Morgan has leased is located in the Beach/Edinger specific plan area, he may not operate a tattoo shop because there is no provision of the specific plan explicitly allowing tattooing.

15. Because of the severe restrictions on tattoo businesses in the City of Huntington Beach, plaintiff has suffered the loss of rights guaranteed by the Free Speech Clause of the First Amendment and by Article 1, section 2 of the California constitution.  In addition, he has suffered loss of income because he has not been able to practice tattooing in the City of Huntington Beach.

CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF–VIOLATION OF 42 U.S.C. § 1983

16. Plaintiff incorporates paragraphs 1 through 15 by reference.

17. By virtue of the severe on tattoo businesses in the City of Huntington Beach, plaintiff has been deprived of rights under the First and Fourteenth Amendments, in violation of 42 U.S.C. § 1983.

18. Because tattooing is permitted in the City of Huntington Beach only pursuant to a conditional use permit, the Huntington Beach zoning scheme acts as an unconstitutional prior restraint on speech, subjecting the right to expression to the excessive discretion of municipal officials.

19. Because tattooing is permitted by the City of Huntington Beach only pursuant to a conditional use permit, and because the conditional use permit scheme fails to set reasonable time limits within which Huntington Beach must grant or deny the conditional use permit, the zoning scheme carries the potential of

5

COMPLAINT & DEMAND FOR JURY TRIAL

suppressing speech, rendering it invalid under the First Amendment.

20. Because the areas where tattoo businesses are allowed exclude substantial portions of the commercial areas of the city, the Huntington Beach scheme violates the First Amendment and 42 U.S.C. § 1983. While considerable discretion is afforded municipalities in allocating uses among various zones, the locations available for businesses protected by the First Amendment may not be a matter of municipal whim. The location and buffer zone limitations on tattoo businesses must be analyzed according to the well-established rules for evaluating time, place and manner restrictions of speech, which will be upheld only if they: (1) are content neutral; (2) are narrowly tailored to serve a significant governmental interest; *and* (3) leave open ample alternative channels of communication. Huntington Beach bears the burden of justification. Because the zoning scheme fails to satisfy any of these three prongs, it is unconstitutional.

SECOND CLAIM FOR RELIEF–VIOLATION OF

ARTICLE 1, SECTION 2, OF THE CALIFORNIA CONSTITUTION

21. Plaintiff incorporates paragraphs 1 through 15 by reference.

22. Article 1, section 2 of the California Constitution provides, "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press."

23. The ban on tattoo business in the City of Huntington Beach violates article 1, section 2.

IRREPARABLE INJURY/ACTUAL CONTROVERSY

24. There is between the parties an actual controversy as set forth herein. The plaintiff is suffering irreparable injury and is threatened with irreparable harm in the future by reason of the acts alleged herein, inasmuch as a substantial loss or impairment of freedom of expression has occurred and will continue to occur so long as the cited Huntington Beach Municipal Code sections remain in force.

6

COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff will be harassed, intimidated, cited, arrested, or prosecuted by the defendant, or its agents, if he attempts to exercise constitutional rights concerning tattooing in the City of Huntington Beach.

25. Plaintiff has no plain, adequate, or complete remedy to speedily redress the wrongs complained of herein other than this action.  Any other remedy to which plaintiff could be remitted would be attended by such uncertainties and delays that it would cause further irreparable injury, damage, and inconvenience to him.  Damages are not adequate to protect plaintiff from the continuing effects of abridgment of the exercise of her First and Fourteenth Amendment rights, and free speech rights protected by the California constitution.

PRAYER

WHEREFORE, Plaintiff prays:

1. That Huntington Beach regulations of tattoo businesses be declared unconstitutional under the federal and California constitutions, insofar as they are applied to prohibit plaintiff from operating a tattoo business in the City of Huntington Beach.

2. That the City of Huntington Beach be preliminarily and permanently enjoined from enforcing its zoning code insofar as the code prohibits plaintiff from operating a tattoo business at 10940 Beach Boulevard, Huntington Beach, California 92648.

3. That plaintiff be awarded damages for loss of his rights under the Free Speech Clause of the First Amendment.

4. That plaintiff be awarded damages for loss of his rights under Article 1, section 2 of the California constitution.

5. That plaintiff be awarded damages for being deprived of the opportunity to conduct a tattoo establishment in the City of Huntington Beach

6.  That plaintiff be awarded reasonable attorney's fees and expenses of counsel pursuant to 42 U.S.C. §1988;

7

COMPLAINT & DEMAND FOR JURY TRIAL

7. That plaintiff be awarded reasonable attorney's fees and expenses of counsel pursuant to Cal. Code Civ. Proc. 1021.5.

8. For costs of suit; and

9. For such other and further relief as the court may deem just and proper.

Dated: January 15, 2023                    RESPECTFULLY SUBMITTED,

LAW OFFICES OF ROBERT C. MOEST
Robert C. Moest

By:_____/s Robert C. Moest_____
                Robert C. Moest
Attorneys for Plaintiff
Thomas Morgan


DEMAND FOR JURY TRIAL

Plaintiff Thomas Morgan demands a jury trial as provided by Fed. R. Civ. P. 38.

Dated: January 15, 2023                    RESPECTFULLY SUBMITTED,

LAW OFFICES OF ROBERT C. MOEST
Robert C. Moest

By:_____/s Robert C. Moest_____
                Robert C. Moest
Attorneys for Plaintiff
Thomas Morgan

8
COMPLAINT & DEMAND FOR JURY TRIAL